IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2012 NOV 19 A 11: 15

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JEFFERY BAKER, | * |
| Plaintiff, | * |
| vs. | * Case No. 2:12-cv-1013-MHT |
| SIKORSKY AIRCRAFT CORPORATION, | * |
| Defendant. | * |

## COMPLAINT
### I.
### Jurisdiction-Venue

1. Plaintiff Jeffery Baker files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §§ 1331 and 1334 (a)(4), as an action arising under the Act of Congress known as Title VII of the **Civil Rights Act of 1964**,(42 U.S.C. § 2000(e) et seq.), as amended by the **1991 Civil Rights Act**; and 42 U.S.C. Section 1201, et seq.; and the Act of Congress known as the **Americans with Disabilities Act** ("ADA"), (Pub. L. No. 101-336), and 42 U.S.C. Section 1201, et seq., to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and damages suffered by the plaintiff, due to the defendant's discrimination against plaintiff.

2. Plaintiff Jeffery Baker filed a charge of race, retaliation and physical disability discrimination with the Birmingham District Office of the Equal Employment Opportunity Commission (charge number 420-2007-03738) on or about July 13, 2007 against his employer Sikorsky Aircraft Corporation. Plaintiff only received his right-to-sue letter from the EEOC on August 24, 2012, giving him 90 days from that date to file an action in federal court to protect his

1

rights.

3. Venue is proper in the Middle District of Alabama, Northern Division, since the plaintiff was a resident of Pike County, Alabama at the time of the alleged discrimination, and the defendant was doing business in Pike County, Alabama.

## II.
## PARTIES

5. The named plaintiff Jeffery Baker (hereinafter "plaintiff" or "the plaintiff") is a citizen of the United States. At the time the cause of action made the subject matter of this suit arose, plaintiff was a resident of Pike County, Alabama. Plaintiff is over the age of nineteen years.

6. The defendant Sikorsky Aircraft Corporation (hereinafter "defendant" or "the defendant") is a foreign corporation doing business in Troy, Alabama.

## III.
## STATEMENT OF FACTS

7. Plaintiff Jeffery Baker began working for defendant on March 21, 2007 as a senior aircraft processor.

8. After a two-week training class, plaintiff took the comprehensive training examination given by the defendant and scored a 98.

9. During orientation, plaintiff was given a self-assessment form to complete by listing any existing medical conditions. Plaintiff informed defendant about his physical disabilities and limitations concerning his knees, back and diabetes, but none of said disabilities

interfered with or prevented plaintiff from performing all the necessary duties and functions of his job.

10. Plaintiff began working in the maintenance department of defendant and was assigned floor-sweeping tasks, whereas white employees in the same training class with plaintiff and who scored lower than plaintiff on the comprehensive examination, were assigned more desirable jobs as lead assemblers and better quality positions, enabling them to gain experience for management positions.

11. The week plaintiff would have completed his 90-day probationary period, he was transferred to second shift. The fourth day plaintiff was on second shift, plaintiff asked his supervisor about being placed in a management position. Plaintiff was terminated the following day.

12. According to one supervisor who only supervised plaintiff for one day, plaintiff was terminated because he "had no initiative and [his] work quality was poor."

13. Plaintiff avers that this reason was pretextual, and not the real reason for his termination, which was a combination of race, disability, and/or unlawful retaliation.

14. Plaintiff avers that, when he was transferred to the second shift and not placed in a position for management consideration, he respectfully asked his supervisor about the policy and practice of the defendant Sikorsky towards blacks in management positions

15. Plaintiff further avers that, at that time, on or about March-June, 2007, the defendant only employed two blacks in management positions and that the overwhelming number of management positions were occupied by whites.

16.     Plaintiff avers that he was subjected to disparate terms, conditions and privileges of employment, and terminated because of his black race, in violation of **Title VII of the Civil Rights Act of 1964**, as amended by the **1991 Civil Rights Act**, and due to his disability, in violation of the **Americans with Disabilities Act** ("ADA"). Plaintiff avers that he was, and still is, able to perform all the essential functions of the job, with or without a reasonable accommodation. Plaintiff also believes his termination was a form of retaliation for him questioning his supervisor about the policy and practice of the employer of blacks in management positions, including having only two blacks in management positions at the Troy, Alabama location of defendant.

17.     Plaintiff also avers that, after over five years of allowing the EEOC in Birmingham to investigate the matter, plaintiff received a "Letter of Determination" from the EEOC, wherein EEOC federal investigator Glenda B. Brooks determined the following, and issued a right-to-sue on the race discrimination portion of the plaintiff's charge:

> **"Specifically, the evidence substantiates Charging Party's performance was consistent with performance of some non-black employees who were not terminated. Based on the foregoing, there is reasonable cause to believe that Respondent discriminated against Charging Party because of his race, Black, in Violation of Title VII of the Civil Rights Act of 1964, as amended."**

18.     On August 24, 2012, plaintiff received a letter from EEOC District Director Delner Franklin-Thomas (which letter stated it was mailed on August 21, 2012), reflecting that efforts to conciliate plaintiff's charge have been unsuccessful. Ms. Franklin-Thomas therefore issued a notice of right to sue on plaintiff's claims of violation of the Americans with Disabilities Act and Title VII for race discrimination.

## PLAINTIFF BAKER'S CAUSES OF ACTION

## COUNT ONE:  RACE DISCRIMINATION

19. Plaintiff repeats, realleges and incorporates by reference paragraphs 7-18 above, the same as if more fully set forth herein, and further avers that the defendant's actions toward him violated plaintiff's right to be free of racial discrimination in employment, in violation of Title VII of the **Civil Rights Act of 1964 (42 U.S.C. §2000e, et seq.), as amended by the 1991 Civil Rights Act, and 42 U.S.C. 1981a**.

20. As a proximate cause of defendant's afore-described actions of discriminating against plaintiff, due to his black race, plaintiff was injured and damaged, as set forth in paragraphs 7-18 above.  In addition, plaintiff has suffered considerable mental and emotional anguish therefrom.

21. Plaintiff avers that he has pursued and exhausted his administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Baker respectfully prays that this Court grant the following relief:

- a) Judgment declaring Plaintiff Baker was discriminated against by the defendant, due to his black race;

- b) An injunction requiring defendant to reinstate plaintiff into his former position and cease discrimination against plaintiff due to his black race, and granting plaintiff Baker compensation for all lost pay benefits and other rights, to which plaintiff would have been entitled, had he not been a victim of race

    discrimination, effective the date of final judgment with back pay lost pay for the period that he was out of work and not receiving income;

c)     An award of compensatory damages, including for mental anguish, to which plaintiff Baker may be entitled;

d)     An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

e)     Such further, other and different relief as the Court may deem appropriate and necessary.

## RETALIATION DISCRIMINATION

### 42 U.S.C., Section 2000(e), et seq.; 42 U.S.C. 1981a

22.     Plaintiff repeats, realleges and incorporates by reference paragraphs 7-18 above, the same as if more fully set forth herein, and further avers that the defendant's actions toward him violated his right to be free of retaliation discrimination in employment, in violation of Title VII of the **Civil Rights Act of 1964** (42 U.S.C. §2000e, et seq.), **as amended by the 1991 Civil Rights Act**, and in violation of 42 U.S.C. § 1981a.

23.     As a proximate cause of defendant's afore-described actions of discriminating against Plaintiff, due to his black race, and later retaliating against plaintiff due to his black race, plaintiff was injured and damaged, as set forth in paragraphs 7-18 above. In addition, plaintiff has suffered considerable mental and emotional anguish.

24.     Plaintiff avers that he has pursued and exhausted his administrative remedies.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Baker respectfully prays that this Court grant the following relief:

a) Judgment declaring Plaintiff Baker was discriminated against by the defendant, due to unlawful retaliation against him;

b) An injunction requiring the defendant to reinstate plaintiff into his former position and cease discriminating against plaintiff due to his face, and granting plaintiff Baker compensation for all lost pay benefits and other rights, to which plaintiff would have been entitled, had plaintiff not been a victim of retaliation discrimination, effective the date of final judgment with back pay lost pay for the period that he was out of work and not receiving income;

c) An award of compensatory damages, including for mental anguish, to which plaintiff Baker may be entitled;

d) An award punitive damages;

e) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

f) Such further, other and different relief as the Court may deem appropriate and necessary.

## DISABILITY DISCRIMINATION

25.     Plaintiff repeats, realleges, and incorporates by reference paragraphs 7-18 above, the same as if more fully set forth herein and further avers that the defendant failed to accommodate plaintiff's disability by willfully and/or maliciously terminating plaintiff due to one or more of his long-term physical disabilities, namely knee and back problems, together with diabetes.

26.     Alternatively, plaintiff avers that defendant had a perception that plaintiff was disabled due to knee and back problems or diabetes, or a combination of the same, when plaintiff was fully able to perform all the necessary functions and duties of his job.

27.     Plaintiff also avers that defendant's discrimination against her due to his disability was in violation of the Americans with Disabilities Act, prohibiting handicap discrimination.

28.     Plaintiff avers that he has suffered mental anguish as a result of defendant's wrongful discrimination against him due to him disability.

29.     Plaintiff avers that he has pursued and exhausted his administrative remedies.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Baker respectfully prays that this Court grant the following relief:

a)   Judgment declaring plaintiff Baker was discriminated against by the defendant, due to one or more of his physical disabilities, namely knee and back problems, together with diabetes;

b)   An injunction requiring defendant to reinstate plaintiff into his former position

and cease discriminating against plaintiff due to his disability, and granting plaintiff Baker compensation for all lost pay benefits and other rights, to which plaintiff would have been entitled, had he not been a victim of disability discrimination, effective the date of final judgment with back pay lost pay for the period that he was out of work and not receiving income;

c) An award of compensatory damages, including for mental anguish, to which plaintiff Baker may be entitled;

d) An award of punitive damages;

e) An award of all court costs and reasonable attorneys' fees, including those incurred for seeking administrative relief;

f) Such further, other and different relief as the Court may deem appropriate and necessary.

Respectfully submitted,

*/s/ Jeffery Baker*
Jeffery Baker, Pro Se
1357 CR 3348
Brundidge, AL 36010
(334) 735-3548

**NOTE: PLEASE SERVE DEFENDANT SIKORSKY AIRCRAFT CORPORATION, C/O REGISTERED AGENT, CT CORPORATION SYSTEM, 2 NORTH JACKSON STREET, SUITE 605, MONTGOMERY, AL 36104.**