IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JEFFERY BAKER,            )<br>                           )<br>    Plaintiff,             )<br>                           )<br>v.                         )<br>                           )<br>SIKORSKY AIRCRAFT          )<br>CORPORATION,              )<br>                           )<br>    Defendant.             ) | CIVIL ACTION NO.<br>   2:12cv1013-MHT<br>        (WO) |

OPINION AND ORDER

Plaintiff Jeffery Baker seeks additional time to serve defendant Sikorsky Aircraft Corporation with his complaint. For the reasons that follow, the court will grant the extension.

Plaintiffs have 120 days after filing their complaint to make service on a defendant. Fed. R. Civ. P. 4(m). If the plaintiff does not serve the defendant by the deadline and if the plaintiff shows good cause for his failure, the court must extend the deadline. Id. Even if the plaintiff does not establish good cause, the court may, in its discretion, choose to extend the deadline.

Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005).

Because Baker filed his complaint on November 19, 2012, the deadline for serving Sikorsky was March 19, 2013.  On February 20, 2013, Baker sought to extend this service deadline by 60 days.  As a ground for this first extension, Baker explained that he filed the complaint with the assistance of counsel who contracted with him solely to draft the complaint.  Baker sought to retain different counsel for the litigation and made several unsuccessful attempts to do so before contracting with current counsel on February 14, 2013.  He did not attempt to serve the complaint before that time because he sought the skill and expertise of counsel to perfect service.  The court granted the motion for an extension, but did not extend the deadline for the 60 days Baker sought.  Instead, the court extended the deadline 35 days to April 23, 2013.

In this motion, Baker explains that he has already sent the summons and complaint through first-class mail. The certified-mail receipt from the United States Postal Service shows that Baker mailed the summons and complaint on April 3, 2013, and that it was accepted on April 4, 2013. Baker has not yet received an acknowledgment of receipt from Sikorsky. In order to ensure that he will be able to perfect service before the deadline expires, Baker thus requests an extension of 30 days from the time he filed his motion, which would result in a new deadline of May 13, 2013.

As stated, the court will grant the extension. First, Sikorsky should already have notice of the lawsuit, since the summons and complaint were accepted by its representative on April 4, 2013--well before the April 23 deadline. Second, although this is Baker's second motion for an extension, granting the motion will extend the service deadline to the date Baker requested in his first motion. For this reason, the court does not

view this second request as evidence that Baker is dragging his heels.

***

Based on the foregoing, it is ORDERED that:

(1) Plaintiff Jeffery Baker's motion for extension of deadline of time to serve complaint (doc. no. 13) is granted.

(2) Plaintiff Baker has until May 13, 2013, to serve his complaint.

DONE, this the 15th day of April, 2013.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE